UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHESTER PHILLIPS, JR., <br><br>Plaintiff, <br><br>v. <br><br>MICHAEL REINHART, et al., <br><br>Defendants. | Case No. 1:20-cv-01034-DAD-SAB <br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT <br><br>(ECF No. 1) <br><br>**THIRTY (30) DAY DEADLINE** |

Melchester Phillips, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Currently before the Court for screening is Plaintiff's complaint, filed July 27, 2020. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

1 proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
2 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
3 complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
4 (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
5 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
6 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
7 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

8 In determining whether a complaint fails to state a claim, the Court uses the same
9 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
10 short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.
11 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
12 elements of a cause of action, supported by mere conclusory statements, do not suffice."
13 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
14 544, 555 (2007)).

15 In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
16 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
17 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
18 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
19 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
20 short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting
21 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
22 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
23 alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

26 Plaintiff filed this complaint while incarcerated, however the allegations described
27 occurred while Plaintiff was being arrested or while he was a pre-trial detainee, and/or in relation
28 to court proceedings related to his arrest. Plaintiff is not challenging his conditions of

confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the following Defendants: (1) Michael Reinhart, identified as a California Superior Court Judge with the Kings County Superior Court; and (2) the Kings County Superior Court. (Compl. 1-2, ECF No. 1.)

### A.  First Cause of Action

Plaintiff's first claim is for false imprisonment stemming from an alleged warrantless search and seizure under the Fourth Amendment. (Compl. 3.) The Court reproduces Plaintiff's claim verbatim here[1]:

> Defendant owed the Plaintiff a legal duty, the Defendant breached that duty, and the breach was a proximate or legal cause of the Plaintiff[']s injuries. Defendant violated Plaintiff's constitutional 4th Amendment where it states, "a warrant may not issue except on probable cause, supported by oath or affirmation." Defendant breached that duty and the breach caused Plaintiff to be falsely imprisoned which is the unlawful violation of the personal liberty of another consisting of an unlawful arrest or detention without warrant or by an illegal warrant, or a warrant illegally executed. Defendant filed an illegal warrant for the arrest of Plaintiff with no probable cause.

(Compl. 3.) Under the heading for administrative remedies, Plaintiff notes that "case 19cm-0573 is still pending due to illegal warrant issued by Michael Reinhart, and Kings County Superior Courts." (Id.)

### B.  Second Cause of Action

Plaintiff's second claim is for negligence stemming from the alleged unlawful search and seizure. (Compl. 4.) The Court reproduces Plaintiff's claim verbatim here:

> Defendant owed the Plaintiff a legal duty, the Defendant breached that duty, and the breach was a proximate or legal cause of the Plaintiff's injuries. Defendant owed Plaintiff a legal duty that an arrest warrant shall be issued only upon a written and sworn report or complaint (1) setting forth the essential facts constituting the offense charged . . . (2) [a] showing that there is probable cause to believe that such an offense has been committed and that Plaintiff or Defendant has committed. Warrant # 19CM-0573 is for a wet-reckless which is equivalent to a conviction for drunk driving where impairment must be proven for a generic driving under the influence. W. James Kennedy I.D. Number 018639 who is the investigating officer stated in his report on page 3 of the traffic collision coding report under sobriety-drug physical that party #1 who is Plaintiff (A) had not been

---

[1] When quoting the complaint, the Court may alter the capitalization as the complaint is written in all capital letters.

drinking and nothing else shows impairment in the report.  Defendant violated Plaintiff's 4th Amendment right and breached that legal duty owed to Plaintiff.

(Compl. 4.)

### C. Third Cause of Action

Plaintiff's third claim is for slander and states this claim is grounded under the Fourteenth Amendment.  (Compl. 5.)  The Court reproduces Plaintiff's claim verbatim here:

> Defendants owed Plaintiff within its jurisdiction the equal protection of the laws.  Defendants charged Plaintiff with a crime that was not on the officer's sworn complaint slandering Plaintiff's name which is a false and unprivileged publication orally uttered and also communications by radio or any mechanical or other means which: (1) charges any person with a crime.  Defendants issued an illegal warrant for a charge of wet reckless which is equivalent to driving under the influence which states impairment must be proven for a generic driving under the influence, causing Plaintiff to be falsely detained and imprisoned against his will, violating his 4th, and 14th Amendments, and slandering his name in the process.

(Compl. 5.)  Plaintiff again notes this case is still pending "due to illegal warrant issued by Michael Reinhart and the Kings County Superior Courts.  (Id.)

### D. Damages and Relief Requested

Plaintiff claims pain and suffering, mental stress, and seeks injunctive and other equitable relief to protect his legal rights; restitution; punitive and exemplary damages; with the total requested monetary relief in the amount of one hundred and fifty million dollars ($150,000,000.00).  (Compl. 6.)

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  This is because, while factual allegations are accepted

as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678  (citations and internal quotation marks omitted).

Most of Plaintiff's allegations are vague and conclusory statements that his rights were violated.  As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  The only specific mention of an officer involved is not named as a Defendant, and only states that such investigating officer noted in one part of a "traffic collision coding report under sobriety-drug physical," that Plaintiff was not drinking and did not show impairment. (Compl. 4.)  Other than vague references to charges of drunk driving, Plaintiff does not provide any additional specific details regarding the incident in question, including a date, location, officers involved, whether there was a traffic accident, whether Plaintiff was taken into custody, or any other relevant details.

For these reasons, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2).  The Court will grant Plaintiff leave to file an amended complaint to allow Plaintiff to provide additional factual details to the Court.

**B.    Linkage Requirement under Section 1983**

For the same reasons explained in the previous section, Plaintiff's complaint similarly fails to establish an adequate link between the actions of Defendants and any constitutional injury.  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The statute provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights,

> privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Thus, to state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each Defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not alleged what the only individual defendant named specifically did to violate his constitutional rights. Accordingly, Plaintiff fails to state a cognizable claim for relief against Defendant Michael Reinhart in this action.

### C. Judicial Immunity

Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally

immune unless acting without "authority") (internal citations omitted); <u>Walters v. Mason</u>, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); <u>Forte v. Merced Cty.</u>, No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), <u>report and recommendation adopted</u>, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016).

Thus, to the extent Plaintiff is seeking relief against Defendant Michael Reinhart, for actions taken in an official capacity as a judge, such claims would be barred based on the facts presented.

### D. Municipal Liability

Plaintiff names the Kings County Superior Court as a Defendant. A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. <u>Monell</u>, 436 U.S. at 694. Generally, to establish municipal liability, a plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. <u>Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 400 (1997); <u>Burke v. County of Alameda</u>, 586 F.3d 725, 734 (9th Cir. 2009); <u>Gibson</u>, 290 F.3d at 1185-86. "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. <u>Castro</u>, 833 F.3d at 1076.

"A plaintiff may []establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or

ratified the decision of, a subordinate.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir.2002)). A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

Plaintiff has failed to state a plausible claim based on a custom or policy. Plaintiff has not made any allegations to establish liability against the Kings County Superior Court.

### E.   The Fourth Amendment

The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV.

Warrantless searches would violate the Fourth Amendment unless the search falls within an exception to the Fourth Amendment's warrant requirement. See United States v. Ojeda, 276 F.3d 486, 488 (9th Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 357 (1967)). One such exception is that a warrantless search may be conducted of a lawfully stopped vehicle if there is probable cause to believe it contains contraband. See United States v. Ross, 456 U.S. 798, 808-10 (1982); California v. Carney, 471 U.S. 386, 394–95 (1985).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to

lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough." Id. (internal quotations and citation omitted) (alteration in original).

As explained above, Plaintiff has not provided facts to support a claim of unlawful search or unlawful arrest against any Defendant. If Plaintiff chooses to file an amended complaint, he should consider the above legal standards.

### F. Habeas Relief or Damages Pursuant to Section 1983

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

To the extent Plaintiff's claims challenge the fact or duration of his confinement, they are not cognizable in a section 1983 action and must be brought by a writ of habeas corpus.

Further, to the extent Plaintiff if seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so

invalidated is not cognizable under § 1983." Id. at 488.

### G. Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223.

This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court which may resolve the constitutional injury alleged. Plaintiff's complaint clearly states that his criminal proceedings are still ongoing in the Kings County Superior Court.[2]

### H. Allegations of Slander

Plaintiff's third claim for relief is for slander stemming from the alleged violation of the Fourth Amendment and being imprisoned under false pretenses. Slander is an oral defamatory statement. To bring a claim for defamation in a Section 1983 action, Plaintiff must meet the "stigma-plus," or "defamation-plus" standard.

"To establish a claim for defamation under Section 1983, a plaintiff must first establish defamation under state law." Flores v. City of Bakersfield, No. 1:17-CV-1393-JLT, 2019 WL 7038385, at *17 (E.D. Cal. Dec. 20, 2019) (citing Crowe v. County of San Diego, 242 F.Supp.2d 740, 746 (S.D. Cal. 2003)). Under California law, the elements of a defamation claim are: "(a) a

---

[2] According to the online records for the Kings County Superior Court, Plaintiff's representation that this case is still pending in state court is correct, with the records reflecting that most recently a pretrial conference was held on January 2, 2020, a preliminary hearing was held on January 6, 2020, and an arraignment was held on January 17, 2020. The status reads that Defendant is being held to answer before Judge Michael Reinhart.

1  publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural
2  tendency to injure or that causes special damage." Kaufman v. United Health Group Inc., 546
3  Fed. Appx. 691, 692 (9th Cir.2013) (quoting Taus v. Loftus, 40 Cal.4th 683, 54 Cal.Rptr.3d 775,
4  151 P.3d 1185, 1209 (Cal.2007)).  To be actionable, an allegedly defamatory statement must,
5  among other things, "contain a provably false factual connotation." Gilbrook v. City of
6  Westminster, 177 F.3d 839, 861 (9th Cir.) (citation omitted).  "Under California law, although a
7  plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory
8  statement must be specifically identified, and the plaintiff must plead the substance of the
9  statement. Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004).

10  In a § 1983 action, injury to reputation alone is not enough to state a claim.  "The
11  procedural due process rights of the Fourteenth Amendment apply only when there is a
12  deprivation of a constitutionally protected liberty or property interest." WMX Techs., Inc. v.
13  Miller ("WMX II"), 197 F.3d 367, 373 (9th Cir. 1999).  The Supreme Court has made it clear
14  that reputation alone is not an interest protected by the Constitution. WMX II, 197 F.3d at 373;
15  see Paul v. Davis, 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation
16  of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the
17  guarantees of procedural due process absent an accompanying loss of government
18  employment").  "[R]eputational harm alone does not suffice for a constitutional claim." Miller
19  v. California, 355 F.3d 1172, 1178 (9th Cir. 2004).  Absent a change in status, "any harm or
20  injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of
21  any 'liberty' or 'property' recognized by state or federal law." Paul, 424 U.S at 712.  Plaintiff
22  must demonstrate the loss of a recognizable property or liberty interest in conjunction with the
23  allegation that they suffered injury to reputation. Miller, 355 F.3d at 1179; Cooper v. Dupnik,
24  924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir.
25  1992)).  A plaintiff can meet this test by showing that "injury to reputation was inflicted in
26  connection with a federally protected right" or that "injury to reputation caused the denial of a
27  federally protected right." Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645
28  (9th Cir. 1999); Cooper, 924 F.2d at 1532-33.  This is referred to both as a "defamation-plus" or

"stigma-plus" claim. See, e.g., Flores, 2019 WL 7038385, at *17.

Plaintiff has not put forth factual allegations that his reputation was injured in connection with a federally protected right or that the damage caused him to be denied a federally protected right. Even if Plaintiff could not meet the defamation-plus standard but *was* able to demonstrate defamation under California law, the Court would also decline to exercise supplemental jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal claim, as explained above. See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001)).

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **July 30, 2020**

UNITED STATES MAGISTRATE JUDGE