# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHESTER PHILLIPS, JR., | Case No. 1:20-cv-01034-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMNEDING DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| MICHAEL REINHART, et al., | (ECF No. 7) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Melchester Phillips, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. On July 31, 2020, Plaintiff's complaint was screened and found not to state a cognizable claim. (ECF No. 5.) Plaintiff was provided with the legal standards that applied to his claims and was granted leave to file an amended complaint within thirty days. (Id.) Currently before the Court for screening is Plaintiff's first amended complaint, filed August 24, 2020. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

1

1  such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
2  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);
3  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*
4  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
5  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
6  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
7  (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
8  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
9  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
10 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

11  In determining whether a complaint fails to state a claim, the Court uses the same
12 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
13 short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.
14 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
15 elements of a cause of action, supported by mere conclusory statements, do not suffice."
16 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
17 544, 555 (2007)).

18  In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
19 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
20 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
21 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
22 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
23 short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting
24 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
25 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
26 alleged. Iqbal, 556 U.S. at 678.

27 / / /
28 / / /

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff is currently a pretrial detainee being held in the Kings County Jail on the charges upon which this action is based.  The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against California Superior Court Judge Michael Reinhart and the Kings County Superior Court alleging violations of the Fourth, Fifth, Sixth, and Eighth Amendments. (First Am. Compl. ("FAC"), 2, 4, ECF No. 7.)

As of August 16, 2020, Plaintiff has spent 311 days in custody and contends that he is falsely imprisoned. (Id. at 5.) Plaintiff was involved in a car accident on November 18, 2018. (Id. at 6.) The police report of the incident charges Plaintiff with reckless driving causing bodily injury, in violation of California Vehicle Code, section 23104(a); and failing to stop for a red signal, in violation of California Vehicle Code, section 21453(a). (Id.) The police report states that neither Plaintiff nor any other occupant of the vehicle had been drinking and none of them showed any signs of impairment. (Id.)

On March 25, 2019, Judge Reinhart issued an arrest warrant for Plaintiff. (Id.) Plaintiff was arrested on October 11, 2019, in the State of Washington. (Id.) He was arraigned in Washington on October 14, 2019, and charged with a wet and reckless. (Id.) On October 15, 2019, the case involving the arrest warrant was dismissed. (Id.) Attached to Plaintiff's complaint are several declarations for determination of probable cause.  The declaration dated October 14, 2019, states that an arrest warrant issued on March 25, 2019, and Plaintiff is charged with five counts of violating California law. (Id. at 13.) The declaration filed November 14, 2019 states that after he was arrested for being a fugitive from justice and while in custody, Plaintiff broke the window in the court holding cell and was charged with malicious mischief 2 due to the cost of the repair. (Id. at 14.) The State of Washington dismissed the California fugitive charges assuming that California did not wish to extradite Plaintiff, but that California reinstituted the warrant. (Id.)

On November 14, 2019, extradition proceedings were reinstated on the wet and reckless

warrant, and Plaintiff was extradited to Kings County on December 19, 2019.  (Id. at 7.) Plaintiff was rearraigned on December 20, 2019.  (Id.)  He was held to answer in case no. 19cm-0573 on charges of assault with a deadly weapon or causing great bodily injury which are not the charges identified in the police report.  (Id.)  Plaintiff also includes a copy of the police report in which the officer checked boxes that no driver or occupant of the vehicle had been drinking.  (Id. at 19, 20.)  The police report shows that Plaintiff broadsided a vehicle that was traveling straight and was investigated for violations of 23104(a), reckless driving of a vehicle that causes bodily injury to a person other than the person driving the vehicle; and 21453(a), failing to stop at a red light, in violation of the California Vehicle Code.  (Id. at 15-20.)

Plaintiff contends that the warrant for the wet and reckless was not based on probable cause and Plaintiff has been illegally detained by the false warrant and is currently awaiting trial set for August 24, 2020 in Kings County Jail.  (Id. at 8.)  Plaintiff seeks injunctive relief, monetary damages in the amount of ten million dollars, punitive damages in the amount of three million dollars and damages for pain and suffering in the amount of ten million dollars.  (Id. at 10.)

## III.

## DISCUSSION

**A.    Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The statute provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada

1  Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-
2  94 (1989)) (internal quotation marks omitted).

3      The statute requires that there be an actual connection or link between the actions of the
4  defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of
5  Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Thus, to state a claim,
6  Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between
7  each Defendant's actions or omissions and a violation of his federal rights.  Lemire v. California
8  Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d
9  1202, 1205-08 (9th Cir. 2011).  The Ninth Circuit has held that "[a] person 'subjects' another to
10 the deprivation of a constitutional right, within the meaning of section 1983, if he does an
11 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
12 legally required to do that causes the deprivation of which complaint is made."  Johnson v.
13 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14     **B.**    **Fourth Amendment**

15     Plaintiff alleges that he was arrested and is being falsely imprisoned on an illegal warrant.
16 The Fourth Amendment provides that 'the right of the people to be secure in their persons,
17 houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.
18 U.S. Const. amend. IV.  "[T]he Fourth Amendment is enforceable against the States through the
19 Fourteenth Amendment."  Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523,
20 528 (1967).  "To establish a viable Fourth Amendment claim, a plaintiff must show not only that
21 there was a search and seizure as contemplated by the Fourth Amendment, but also that said
22 search and seizure was unreasonable and conducted without consent."  Rakas v. Illinois, 439
23 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

24     Here, Plaintiff alleges that he was arrested with an illegally issued warrant.  (FAC at 7.)
25 However, while Plaintiff contends he was arrested on a wet and reckless, the documents attached
26 to the complaint show that the warrant charged him with five violations of California law.  The
27 court does not have to accept as true allegations that exhibits to the complaint or that are merely
28 conclusory, are unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden

State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Even assuming that one of the charges was a wet and reckless, the Fourth Amendment is not violated by an arrest where there is probable cause to arrest for a different offense. United States v. Lopez, 482 F.3d 1067, 1076 (9th Cir. 2007).

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." Rodis v. City, Cty. of San Francisco, 558 F.3d 964, 969 (9th Cir. 2009) (citing Lopez, 482 F.3d at 1072 and Beck v. Ohio, 379 U.S. 89, 91 (1964)). The Ninth Circuit has defined probable cause as "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." Lopez, 482 F.3d at 1072 (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." Rodis, 558 F.3d at 969 (quoting Maryland v. Pringle, 540 U.S. 366, 371 (2003)). "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." Rodis, 558 F.3d at 969 (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).

Here, Plaintiff alleges that the current charges on which he is being held and tried are assault with a deadly weapon or causing great bodily injury. Where subsequent events may have caused charges carrying a different penalty to be filed there is no violation of the Fourth Amendment. Lopez, 482 F.3d at 1076. Under California law, a vehicle is considered a deadly weapon and causing injury by use of a vehicle is sufficient to be convicted of assault with a deadly weapon. People v. Aznavoleh, 210 Cal.App.4th 1181, 1183 (2012); People v. Golde, 163 Cal.App.4th 101, 109 (2008); People v. Russell, 129 Cal.App.4th 776, 778 (2005). The police report states that Plaintiff ran a red light and broadsided another vehicle. Plaintiff is being tried in Tulare County Superior Court, case no. 19cms-0573, has been appointed counsel, and has pled

not guilty to all charges in the complaint.[1] His jury trial has been continued to September 21, 2020. Plaintiff has failed to allege sufficient facts for the Court to reasonably infer that he has been seized in violation of the Fourth Amendment. Plaintiff has failed to state a plausible claim for violation of the Fourth Amendment.

### C.     Fifth Amendment

Plaintiff brings this action alleging violation of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since the only defendants named in this action are an employee and a department of the state, the Fifth Amendment does not apply.

### D.     Sixth Amendment

Plaintiff also contends that this Sixth Amendment rights have been violated. The Sixth Amendment states,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

"The Sixth Amendment identifies the basic rights that the accused shall enjoy in 'all criminal prosecutions' " and these rights are strictly presented "as rights that are available in preparation for trial and at the trial itself." Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 159–60 (2000). The Sixth Amendment provides for the right of

---

[1] As a general rule, the court may not consider any material outside the pleadings in deciding whether to dismiss the complaint. There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689.

The Court takes judicial notice of the records of the Tulare County Superior Court. Available at https://cakingsportal.tylerhost.net/CAKINGSPROD/Home/WorkspaceMode?p=0, search case no. 19cms-0573 (last visited August 28, 2020).

effective assistance of counsel in a criminal prosecution of a serious offense as well as the right for self-representation by waiving counsel. Wheat v. United States, 486 U.S. 153, 158 (1988); Faretta v. California, 422 U.S. 806, 832 (1975).

Here, Plaintiff's factual allegations do not implicate the Sixth Amendment. As discussed above, Plaintiff has been appointed counsel to represent him in the state court action and a jury trial has been scheduled. Plaintiff has failed to state a claim for violation of the Sixth Amendment.

### E.     Eighth Amendment

Plaintiff also alleges his rights under the Eighth Amendment have been violated. The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham, 490 U.S. at 395 n.10. Plaintiff has not been convicted and is not a prisoner so the Eighth Amendment does not apply to his claims in this action.

It is the Fourteenth Amendment that protects the rights of pretrial detainees. Bell, 441 U.S. at 545. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting Bell, 441 U.S. at 535). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. Bell, 441 U.S. at 536–37.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.' " Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's

conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

In this instance, Plaintiff's allegations do not implicate his conditions of confinement. Plaintiff brings this actions against the court and the judge for actions taken in adjudicating his criminal action. The allegations do not state a claim that the conditions under which Plaintiff is being confined subject him to a substantial risk of serious harm that would violate the Fourteenth Amendment. Plaintiff has failed to state a claim based on his conditions of confinement.

### F.     Judicial Immunity

Plaintiff has named Judge Reinhart, the judge presiding over his criminal proceedings as a defendant in this action. Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Olsen, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " Ashelman, 793 F.2d at 1075 (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, Plaintiff brings this action alleging that Judge Reinhart issued a warrant for his arrest and has detained him during the pendency of his criminal proceedings. These are actions that are clearly taken within the jurisdiction of Judge Reinhardt's court and are judicial in nature. Accordingly, Judge Reinhardt is entitled to judicial immunity for issuing the arrest warrant and ordering Plaintiff to be detained during the criminal proceedings.

### D.   Municipal Liability

Plaintiff also names the Kings County Superior Court as a defendant. A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Monell, 436 U.S. at 694. Generally, to establish municipal liability, a plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002), overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro, 833 F.3d at 1075 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

Plaintiff has failed to state a claim that he has been subjected to a constitutional violation and additionally the complaint is devoid of any allegations of custom or policy that would result in the violation of Plaintiff's constitutional rights. Plaintiff has failed to state a claim against the Kings County Superior Court.

### E.  Abstention

Finally, the Court finds that abstention is appropriate in this instance. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223.

This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court which may resolve the constitutional injury alleged. Plaintiff's complaint clearly states that his criminal proceedings are still ongoing in the Kings County Superior Court and the records of the Kings County Superior Court show that Plaintiff is set to have a trial by jury on September 21, 2020.[2]

### F.  Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

---

[2] The Court notes that Plaintiff was originally set to proceed to trial in May 2020, and the trial has been continued monthly at the request of the parties.

1    Here, Plaintiff is attempting to bring claims against Defendant Reinhardt who is entitled
2 to absolute judicial immunity from damages based on the allegations in the complaint and, due to
3 the pending criminal action, the Court finds that Younger abstention is appropriate.  Plaintiff has
4 previously been provided with the legal standards that apply to his claims and granted leave to
5 amend.  Plaintiff's amended complaint failed to cure the deficiencies identified in the July 31,
6 2020 screening order.  Finally, upon review of the original and the first amended complaint, the
7 Court finds that it would be futile to grant Plaintiff further leave to amend.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint fails to state any cognizable claims for a violation of his federal rights.  Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint failed to correct the deficiencies in his pleading.  Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of this federal rights, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be DISMISSED WITHOUT LEAVE TO AMEND and this action be closed.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2020**

UNITED STATES MAGISTRATE JUDGE

13